FORM 104 (10/06)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| LYNDA JAY BURGESS | WELLS FARGO HOME MORTGAGE, AMERICA'S SERVICING COMPANY, NDEX WEST, LLC, U.S. BANK NATION ASSOCATION AS TRUSTEE FOR CSFH HEAT 2006-6, THE LAWRENCE COMPANY, MALCOLM DURHAM, ET AL |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| ELIAS PORTALES<br>560 S. WINCHESTER BLVD., 5TH FLOOR SAN JOSE, CA 95128<br>(408) 283-1566 | DARLENE VIGIL BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>20955 PATHFINDER ROAD SUITE 300 DIAMOND BAR, CA 91765<br>(626) 915-5714 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| [X] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee | [ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiff was fraudulently induced into refinancing her home by The Lawrence Company. As part of the refinance The Lawrence Company took $200,000 from Plaintiff and invested the funds into a commercial property, and failed to pay back as agreed. Defendant Wells Fargo foreclosed on Plaintiff in violation of the comprehensive California statutory non-judicial foreclosure scheme. Plaintiff was not technically in default at the time of the foreclosure because Wells Fargo did not demonstrate it is the rightful owner of the lien and even if Wells Fargo owned the lien Plaintiff was in a forbearance plan.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[2] 71-Injunctive relief - reinstatement of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[3] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[X] Check if this case involves a substantive issue of state law    [ ] Check if this is asserted to be a class action under FRCP 23

[X] Check if a jury trial is demanded in complaint    Demand $ 200,000

Other Relief Sought

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| LYNDA JAY BURGESS | 10-57150-CN-7 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| NORTHERN CALIFORNIA | SAN JOSE | CHARLES NOVACK |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*[signature]*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| October 13, 2010 | Elias Portales, Esq. |

[Print Form]

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

ELIAS PORTALES, ESQ., State Bar No. 230402
EFP Law Group
560 S. Winchester Blvd, 5th Floor
San Jose, CA 95128
[408] 283-1566
[408] 283-1929-fax


Attorneys for Debtor
Lynda J. Burgess

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lynda J. Burgess, | Case No. 10-57150-CN-7 |
| Plaintiff, | Chapter 7 |
| vs. | Adv. Proc. No. |
| Wells Fargo Home Mortgage, America's Servicing Company, NDEx West, LLC, U.S. Bank National Association, as trustee for CSFB HEAT 2006-6, THE LAWRENCE COMPANY, LLC, MALCOLM DURHAM, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto, Does 1 to 10, inclusive, | |
| Defendants. | |

1. Plaintiff, Lynda J. Burgess, is, and at all times mentioned in this Complaint was, a resident of the County of Santa Clara, California.

2. Plaintiff is, and at all times relevant herein was, the owner of the property known as 295 Meadowlake Drive, Sunnyvale, CA, APN 110-16-152 (the "Property").

1

3. On or about January 12, 2006, Plaintiff executed a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc ("MERS") as security for a loan, which Deed of Trust was recorded against the Property.

4. The Deed of Trust was recorded as instrument 18766139 in the County of Santa Clara on January 12, 2006. Said Deed of Trust, at paragraph 14, contains an attorney's fees clause.

5. Plaintiff is informed and believes that MERS sold, assigned or transferred its interest in the Deed of Trust and loan secured by the Deed of Trust to Wells Fargo Home Mortgage ("Wells Fargo").

6. Plaintiff is informed and believes that Defendant, Wells Fargo is, and at all times herein mentioned was, a corporation duty formed and existing under the laws of the State of California.

7. Plaintiff is informed and believes that Wells Fargo was the beneficiary under the Deed of Trust by way of assignment in from MERS.

8. Plaintiff is informed and believes that America's Servicing Company ("ASC") is and at all times herein mentioned was, the duly formed corporation operating in California and the authorized agent for Wells Fargo and US Bank National Association, as trustee for CSFB HEAT 2006-6 ("US Bank").

9. Plaintiff is informed and believes that thereon alleges that U.S. Bank is, and at all times relevant herein was, the assignee and holder of the Deed of Trust, in whole or in part, by virtue of an agreement with Wells Fargo.

10. Plaintiff is informed and believes that NDex West, LLC ("NDex"), is and at all times herein mentioned since December 12, 2007, the Trustee under the Deed of Trust.

11. Defendants Does I through Does 10, inclusive, are sued in this Complaint under fictitious

2

names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this Complaint, and that Plaintiff's damages as alleged in this complaint were proximately caused by those defendants.

12. The defendants herein named as "all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto" (hereinafter sometimes referred to as "the unknown defendants") are unknown to Plaintiff. These unknown defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiff title; and their claims, and each of them, constitute a cloud on Plaintiff's title to that property.

**First Cause of Action against ASC, Wells Fargo and US Bank – Breach of Contract**

13. Plaintiff realleges and incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

14. On or about October 2007, Plaintiff was not able to make her payments under the promissory secured by the Deed of Trust.

15. Proper tender of the amount owed by Plaintiff to the holder of the Deed of Trust was made by Plaintiff to Wells Fargo but refused.

16. To the extent that this Court determines that proper tender was not made, the tender is excused as it would be inequitable to require Plaintiff to tender a sum in excess of the arrearage at the time of the default under the Deed of Trust.

3

17. On or about February 2008, Plaintiff contacted ASC to make satisfactory arrangements to make payments to Wells Fargo and/or US Bank.

18. Prior to February 12, 2008, by letter to Plaintiff, ASC/Wells Fargo provided Plaintiff with options after receipt by ASC of Plaintiff's application and the documents related thereto.

19. Several discussions followed via telephone and Plaintiff and ASC/ Wells Fargo, on or about February 12 or 15, 2008, entered a verbal agreement the terms of which are as follows: Payment of $2,747.48 (Feb 2008 due by Feb. 21); $3,106.89 (March 2008 due by March 21); $3,106.89 (April 2008 due by April 21) and subsequent monthly payments with the delinquency amount of $20,091.94 added to the loan balance and thus extending the repayment schedule of the loan (the "Verbal Agreement") and that there would therefore be no foreclosure on the Property. The statements were made by and the agreement entered into with David McKinney, a representative of ASC/Wells Fargo, who stated that he had the authority to enter into an agreement with Plaintiff on behalf of ASC/Wells Fargo.

20. Plaintiff did make the February payment, as agreed on the phone by ASC's /Wells Fargo's representatives.

21. Subsequent to March 1, 2008, ASC/Wells Fargo continued to accept payment from Plaintiff.

22. Shortly before March 1, 2008, Plaintiff received a letter from Wells Fargo dated February 21, 2008, outlining terms and conditions for the repayment of Plaintiff's indebtedness.

23. The terms and conditions outlined in the February 21, letter from Wells Fargo did not properly state the terms and conditions agreed upon by Plaintiff and ASC's/Wells Fargo's representatives.

24. Upon receipt of the February 21, 2008 letter, Plaintiff called ASC/Wells Fargo Bank and explained that the terms and conditions of the February 21, 2008 letter were incorrect and

4

Plaintiff was told that that was just the way the letters were drafted but that the agreement was as per the terms and conditions of the Verbal Agreement. The statements were made by Marylee Erickson.

25. On March 1, 2008, Plaintiff sent a letter to ASC/Wells Fargo stating that the terms and conditions of the February 21, 2008 letter were incorrect and asked that the February 21, 2008 letter be modified to reflect the true terms and conditions of the Verbal Agreement.

26. Prior to February 12, 2008, Plaintiff contacted an attorney, Tom Spielbaurer, and thereafter another attorney, William Parks, for the purpose of filing a bankruptcy Petition to reorganize her debts and therefore stop the foreclosure sale of the Property and pay the arrearage in installments, as allowed by the Bankruptcy code. At all times relevant herein, Plaintiff was ready willing and able to file the above referred mentioned Bankruptcy Petition and thus avoid the foreclosure. In reliance on the Verbal Agreement, Plaintiff changed her position and instructed Mr. Parks not to file the Bankruptcy Petition.

27. Prior to February 12, 2008, Plaintiff contacted Brian Starr, the Mortgage Broker who had previously arranged the financing on Plaintiff's Property. At all times herein relevant, Mr. Starr was ready, willing and able to provide Plaintiff with financing to cure the arrearage with ASC/Wells Fargo as a bridge loan to be converted into a regular loan. At all times relevant herein, Plaintiff was ready willing and able to accept the bridge financing to cure the alleged default with ASC/Wells Fargo and this avoid the foreclosure. In reliance on the Verbal Agreement, Plaintiff changed her position and instructed Mr. Starr that the financing was not necessary.

28. Prior to February 12, 2008, Plaintiff was advised by Mr. Starr that Plaintiff could sell the Property in short order and that he, Mr. Starr, could facilitate a sale in view of the large

equity held by Plaintiff in the Property. At all times relevant herein, Plaintiff was ready willing and able to sell her house to pay off the indebtedness with ASC/Wells Fargo and thus avoid the foreclosure. In reliance on the Verbal Agreement, Plaintiff changed her position and instructed Mr. Starr not sell the Property.

29. During one of the telephone conversations held in February 2008, (February 12 or 15, 2008), Plaintiff spoke to ASC/Wells Fargo' representative. Plaintiff was informed by the representative during said conversation that the person with whom she was speaking had the authority to enter into and agreement on behalf of ASC/Wells Fargo. The representative further stated "Congratulations, you can now save your home" based upon the terms and conditions that Plaintiff and the representative had found satisfactory.

30. Up to and including April 4, 2008 (the date of the foreclosure sale on Plaintiff's property), Plaintiff continued to work three (3) jobs to make the payments agreed upon in the Verbal Agreement. Had Plaintiff known that ASC/Wells Fargo would not honor the Verbal Agreement, Plaintiff would not have been working three (3) jobs.

31. Plaintiff is informed and believes that on or before April 4, 2008, without prior notice either verbal or written to Plaintiff, ASC/Wells Fargo breached the Verbal Agreement by conducting a foreclosure sale of the Property.

32. As a proximate result of the breach of the Verbal Agreement by ASC/Wells Fargo, said defendants have been unjustly and unconscionably enriched in that by foreclosing on Plaintiff's Property, ASC/Wells Fargo unjustly received approximately $250,000 in addition to the full repayment of their loan, which amount represents the equity that Plaintiff had in her Property at the time of the foreclosure.

33. As a result of the breach of the Verbal Agreement by ASC/Wells Fargo and Plaintiff's

Case: 10-05356   Doc# 1   Filed: 10/13/10   Entered: 10/13/10 11:48:58   Page 8 of 17

reliance on the statements made by ASC/Wells Fargo that there would be no foreclosure on Plaintiff's Property, Plaintiff suffered unconscionable injury in that Plaintiff, by losing her home, lost approximately $250,000 worth of equity in her home and suffered the loss of the home in which she and her family had lived for years, where Plaintiff had raised her family.

34. Plaintiff is informed and believes that on or before April 4, 2008, without prior notice either verbal or written to Plaintiff, US Bank, as assignee of the Deed of Trust, breached the Verbal Agreement between Plaintiff and ASC/Wells Fargo by conducting a foreclosure sale of the Property.

35. At all times herein mentioned, Plaintiff reasonably relied on the statements made by ASC/Wells Fargo.

36. During a subsequent telephone call by and between Plaintiff and ASC/Wells Fargo' representative regarding the language of the February 21, 2008, letter from ASC/Wells Fargo to Plaintiff, the ASC/Wells Fargo representative stated to Plaintiff that "that's just the way they wrote it" and explained that the terms and conditions were as stated in the Verbal Agreement.

37. Plaintiff relied on the statements made by Defendants to her detriment.

38. Reliance by Plaintiff on the verbal statements made by ASC/Wells Fargo was reasonable.

39. ASC/Wells Fargo accepted payments from Plaintiff and misled Plaintiff in believing that no foreclosure sale would occur.

40. ASC/Wells Fargo are estopped from asserting that they had the right to proceed with the foreclosure sale of the Property.

41. Plaintiff complied with the terms and conditions of the Verbal Agreement except for the terms and conditions which are excused due to said Defendants' breach.

7

Case: 10-05356    Doc# 1    Filed: 10/13/10    Entered: 10/13/10 11:48:58    Page 9 of 17

42. Plaintiff is ready, willing and able to comply with the terms and conditions of the Verbal Agreement.

Wherefore, Plaintiffs prays for relief as set forth in the prayer.

**Second Cause of Action against ASC, Wells Fargo - Intentional Misrepresentation**

43. Plaintiff realleges and incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

44. During the months of February, February 12, 2008 at 1:39 PM (52 minute telephone call), on February 15, 2008 at 11:42 am (27 minutes telephone call), and in particular on February 21, 2008 at 1:14 PM (8 minute telephone call), ASC/Wells Fargo's representative, a gentleman with a southern accent stated the terms and conditions of the Verbal Agreement to Plaintiff and further stated: "Congratulations, you can now save your home" based upon the terms and conditions that Plaintiff and the representative had found satisfactory. Plaintiff cannot recall the names of the persons to whom she spoke on the above referred dates. The dates, times and duration of each conversation is set forth above and the names of the person are known to Defendants or are readily ascertainable based upon the information set forth herein. Plaintiff will amend this Complaint, if need be, upon ascertaining the names of the ASC/Wells Fargo representatives based upon Discovery to be propounded by Plaintiff.

45. All times herein mentioned, the Verbal statements made to Plaintiff (as above referenced) by ASC's/Wells Fargo's representatives were statements of material facts since, based upon the statements made, to wit, the terms and conditions of the Verbal Agreement and the statement set forth in the preceding paragraph, and other statements made by ASC/Wells Fargo's representative, as set forth in the First Cause of Action and incorporated herein, Plaintiff reasonably believed that the foreclosure on the Property would not occur.

8

Third Amended Complaint by Plaintiff Lynda Burgess

Case No.108 CV 113392
Burgess v. Wells Fargo

Case: 10-05356   Doc# 1   Filed: 10/13/10   Entered: 10/13/10 11:48:58   Page 10 of 17

46. At all times herein mentioned, Plaintiff was justified in relying on said statement as Plaintiff trusted that her bank would deal with her fairly.

47. At the time that the Verbal Agreement was entered into, the ASC/Wells Fargo representative stated to Plaintiff that he had the authority to enter into and agreement with Plaintiff as ASC/Wells Fargo's representative.

48. At all times herein mentioned, ASC/Wells Fargo/US Bank knew or should have known that the statements of material facts made by the representative were false and were made for the sole purpose of making Plaintiff make a payment without any intention on the part of said Defendants to postpone the foreclosure sale.

49. At no time was Plaintiff informed or advised that verbal agreements were, according to ASC/Wells Fargo, unenforceable and that the Verbal Agreement reached over the phone was not enforceable. To the contrary, ASC/Wells Fargo's representative, on February 21, 2008, congratulated Plaintiff for having saved her house.

50. At all times herein mentioned, ASC/Wells Fargo trained their representatives and allowed them to enter into agreements with borrowers who are in default, thus giving them the legal power to enter into such agreements.

51. At all times herein mentioned, ASC/Wells Fargo was aware of the Verbal Agreement by virtue, among other things, of the notes and statements made by the representative and entered into the ASC/Wells Fargo data base.

52. Plaintiff made a February payment (due on the 21st of February) and a March payment (due on March 21, 2008) in good faith but the foreclosure took place on the 4th of April (April payment was due on April 21, 2008).

53. At all times herein mentioned, ASC/Wells Fargo pursued a course of conduct after the

9

alleged recordation of the Notice of Default on the Property calculated to mislead Plaintiff.

54. Plaintiff's reliance on said Defendants was reasonable and justifiable.

55. Plaintiff relied on the statement to her detriment.

56. Plaintiff has been damaged in that, as a result of the intentional misrepresentations made by said Defendants, Plaintiff refrained from acting as alleged herein and the Property was foreclosed upon.

57. The loss of the Property is an irreparable injury as the Property is unique to Plaintiff.

58. As a proximate result of the intentional misrepresentation perpetrated by said Defendants on Plaintiff, the sale of the Property by foreclosure is void or voidable.

59. Plaintiff requests that the sale of the Property by foreclosure be adjudicated void or voidable and, if voidable, that the sale be deemed void.

60. In the alternative, in the event that this Court determines that the sale by the foreclosure is not void or voidable, Plaintiff requests that Plaintiff be awarded damages based upon the equity that Plaintiff lost, which amount exceeds the sum of $200,000.00 all according to proof.

61. The aforementioned conduct of said Defendants and the statements made by same were intentional misrepresentations, deceit or concealment of material facts known to said Defendants to be false and made with the intention of the part of said Defendants of depriving Plaintiff of her property or otherwise causing injury, and are despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages sufficient to deter said defendants, and others from the same conduct.

62. As a result of the misrepresentations of material facts made by ASC/Wells Fargo and perpetrated by US Bank, Plaintiff lost her house through foreclosure and has been damaged.

Wherefore, Plaintiff prays for relief as set fort in the prayer.

**Third Cause of Action against ASC, Wells Fargo – Negligent Misrepresentation**

63. Plaintiff realleges and incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

64. At all times herein mentioned, said Defendants, and each of them, had a duty to deal with Plaintiff in an honest and truthful manner.

65. As an alternative, Plaintiff alleges that at all times herein mentioned, said Defendants made the representations stated in the Verbal Agreement, and during the other telephone communications referenced above, in the above referred letter and other oral comments, as set forth in this Complaint to Plaintiff in complete disregard of the truth.

66. As an alternative, Plaintiff alleges that when the ASC/Wells Fargo representative made the allegations set forth in the Complaint, he had no reasonable ground for believing them to be true in that he did not know whether ASC/Wells Fargo would agree to stop the foreclosure proceedings.

67. The true facts were that ASC/Wells Fargo/ US Bank intended at all times herein mentioned to foreclose on Plaintiff's Property.

Wherefore, Plaintiff prays for relief as set forth in the prayer.

**Fourth Cause of Action against ASC, Wells Fargo, US Bank and NDEX West – Breach of Statutory Duty**

68. Plaintiff realleges and incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

69. At all times herein mentioned, ASC, Wells Fargo, US Bank and NDex had a duty to handle the foreclosure sale on the Property according to the requirements of the State of California.

11

70. On information and belief, Plaintiff alleges that the Notice of Default and Notice of Sale (collectively, the "Notices"), which form the basis for the foreclosure sale on the Property are invalid in that, *inter alia*, no default existed at the time of the recordation of the Notice of Default, and at the time of recordation of the Notice of Sale, the procedure followed by said Defendants for the publication, recordation and mailing of said Notices were not proper, the content of the Notices did not meet the requirements of Section 2934 et seq. of the Civil Code, the original promissory note evidencing Plaintiff's indebtedness and secured by the Deed of Trust, the Deed of Trust, the Statement of Condition were not delivered to NDex, and that the sale of the Property through foreclosure took place prior to the first available date set by said Civil Code sections.

71. As a result of the violation of the Civil Code by said Defendants, the sale of the Property by foreclosure is void.

Wherefore, Plaintiff prays for relief as set forth in the prayer.

**Fifth Cause of Action against ASC, Wells Fargo and US Bank - Negligence**

72. Plaintiff realleges and incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

73. At all times herein mentioned, Defendants ASC and Wells Fargo and US Bank were under a duty to conduct the foreclosure proceeding and deal with Plaintiff in connection therewith according to the laws of the state of California.

74. On information and belief, Said Defendants breached their duty in that they failed to follow proper statutory procedure set by the State of California.

75. On information and belief, Plaintiff alleges that said Defendants' "right hand" was not aware of the Verbal Agreement, acts and omissions of said Defendants' "left hand."

12

Third Amended Complaint by Plaintiff Lynda Burgess

Case No.108 CV 113392
Burgess v. Wells Fargo

Case: 10-05356   Doc# 1   Filed: 10/13/10   Entered: 10/13/10 11:48:58   Page 14 of 17

76. As a proximate cause of the breach of duty of said Defendants, Plaintiff has been injured according to proof.

Wherefore, Plaintiff prays for relief as set forth in the prayer.

**Sixth Cause of Action against US Bank and all Defendants, Named or Unnamed – Quit Title**

77. Plaintiff realleges and incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

78. The basis for Plaintiff's claim to the Property is her ownership in the Property and the void or voidable foreclosure sale on the Property.

79. By virtue of the foreclosure sale, Plaintiff is informed and believes that US Bank, the former Beneficiary under the Deed of Trust, holds title to the Property.

80. Plaintiff is seeking to quit title against the claims of Defendant US Bank, and each one of them and the claims of the successor defendants, and the claims of all unknown defendants whether or not the claim or clouds is known to Plaintiff.

Wherefore, Plaintiff prays for relief as set forth in the prayer.

**Seventh Cause of Action against US Bank – Injunctive Relief**

81. Plaintiff realleges and incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

82. A three Day Notice to Quit (the "Notice") has been delivered to Defendant's Property.

83. The content and service of the Notice are invalid.

84. The purpose of the Notice is invalid since Plaintiff is the legal owner of the Property.

85. Unless the pursuit of an Unlawful Detainer action is not enjoined by this Court, Plaintiff and said Defendant will be subject to a multiplicity of actions.

13

Third Amended Complaint by Plaintiff Lynda Burgess    Case No.108 CV 113392
Burgess v. Wells Fargo

Case: 10-05356    Doc# 1    Filed: 10/13/10    Entered: 10/13/10 11:48:58    Page 15 of 17

86. Plaintiff, in an Unlawful Detainer, action will not be able to properly defend her title to the Property.

87. Plaintiff has no adequate remedy at law for the injuries that Plaintiff may suffer as a result of her legal inability to defend her title in the Unlawful Detainer action.

WHEREFORE, Plaintiff prays for relief as set forth in the prayer.

PRAYER

1. For an order requiring Defendants to show cause, if any they have, why they should not be enjoined from pursuing an Unlawful Detainer action against Plaintiff for the possession of the Property.

2. For Judgment adjudicating title to Plaintiff at the exclusion of all others.

3. For damages in excess of $250,000 on the First Cause of Action.

4. For a Judgment declaring the foreclosure sale void, or, in the alternative, for damages in excess of $250,000 (against ASC/Wells Fargo) on the Second Cause of Action.

5. For a Judgment declaring the foreclosure sale void, or, in the alternative, for damages in excess of $250,000 (against ASC/Wells Fargo) on the Third Cause of Action.

6. For a Judgment declaring the foreclosure sale void, or, in the alternative, for damages in excess of $250,000 on the Fourth Cause of Action.

7. For a Judgment declaring the foreclosure sale void, or, in the alternative, for damages in excess of $250,000 on the Fifth Cause of Action.

8. For a Judgment quieting title against named and unnamed defendants and others.

9. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them from enjoining Defendants from pursuing

an Unlawful Detainer action against Plaintiff for the occupancy of the Property.

10. For attorney's fees.

11. For costs of suit incurred in this action; and

12. For such other and further relief as the court deems proper.

Dated: October 13, 2010

_____

Elias Portales
EFP Law Group
Attorneys for Lynda J. Burgess